**NOT FOR PUBLICATION**

**FILED**

UNITED STATES COURT OF APPEALS

AUG 22 2019

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| PAMELA MOTLEY; et al., | No. 18-15171 |
| Plaintiffs-Appellants, | D.C. No. 1:15-cv-00905-DAD-BAM |
| v. | |
| JOSEPH SMITH, Fresno Police Officer; et al., | MEMORANDUM* |
| Defendants-Appellees. | |

Appeal from the United States District Court
for the Eastern District of California
Dale A. Drozd, District Judge, Presiding

Argued and Submitted August 8, 2019
San Francisco, California

Before: O'SCANNLAIN, McKEOWN, and BENNETT, Circuit Judges.

Pamela Motley and Cindy Raygoza, through her estate and surviving children, brought 42 U.S.C. § 1983 claims for violations of their equal protection rights and their substantive due process rights relating to the right to familial association under the Fourteenth Amendment. They claim that the Fresno Police Department ("FPD") treats domestic violence and female crime victims differently

---

*    This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

than similarly situated victims. The district court granted summary judgment in favor of the City of Fresno and individual FPD officers for the equal protection claim and dismissed the substantive due process claim. We affirm in part and reverse in part.

The record in this case is extensive, and the parties are familiar with the facts so we do not repeat them here. The record includes contradictory accounts involving material facts. Drawing all inferences in favor of Motley and Raygoza's estate and children, we conclude that there are genuine disputes of material facts about whether the FPD treats disfavored groups of crime victims—women and domestic violence crime victims—differently than similarly situated victims. *See Navarro v. Block*, 72 F.3d 712, 716–17 (9th Cir. 1995). Therefore, we reverse the district court's grant of summary judgment on the equal protection claim and remand the case for further proceedings.

The substantive due process claim proposes a novel argument that an equal protection violation may serve as a basis for a substantive due process claim for the denial of the right to familial association. The Ninth Circuit has not considered this theory of substantive due process, and we do not need to reach it here. The allegations in the complaint do not allege state action or a state-created danger causing the deprivation of familial association. *See Wilkinson v. Torres*, 610 F.3d 546, 554 (9th Cir. 2010). We affirm the district court's dismissal of this claim.

The parties shall bear their own costs on appeal.

**AFFIRM IN PART; REVERSE AND REMAND IN PART.**